IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THOMAS WALTER WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05CV264 |
| | ) | |
| CHIEF SWING, K.W. BRADY, | ) | |
| SAM POST, R.D. BALL, | ) | |
| G.W. HASTINGS, J. BRYANT, | ) | |
| Greensboro Police Officers; | ) | |
| THE CITY OF GREENSBORO, | ) | |
| a Municipal Corporation; and | ) | |
| WALLACE C. HARRELSON, | ) | |
| Public Defender for the Eighteenth | ) | |
| Judicial District, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The Recommendation of the United States Magistrate Judge was filed with the Court in accordance with 28 U.S.C. § 636(b) and, on August 5, 2005 was served on the parties in this action. Plaintiff objected to the Recommendation.

The Court has appropriately reviewed the portions of the Magistrate Judge's report to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's report. Specifically, the Court notes that Plaintiff in this action brings claims pursuant to 42 U.S.C. § 1983 for "punitive and exemplary damages" related to his conviction in 1981 for rape and burglary. In the 25 years since his conviction, Plaintiff has filed multiple state and federal appeals, but his conviction has not been overturned or expunged. On March 13,

2003, Plaintiff filed a motion in state court for DNA testing of the evidence in his case pursuant to North Carolina General Statute § 15A-269. However, on May 30, 2003, the Guilford County, North Carolina Superior Court denied his request because the evidence had previously been destroyed in the ordinary course of business. In this regard, the public record indicates that the evidence was destroyed pursuant to an October 12, 1983 order by the Guilford County, North Carolina Superior Court after a final judgment was rendered in the case. This Court takes judicial notice of these prior court orders.

In the present suit, Plaintiff alleges that he has been "injured with Life imprisonment in which he has served 26 years without parole" because the evidence in his case was destroyed and is now not available for DNA testing. (Compl. at 8.) Plaintiff contends that the destruction of evidence in his case impaired his ability to put on an effective defense and deprived him of the "opportunity to challenge the restraint of his liberty after his conviction." (Compl. at 2.)

Having reviewed Plaintiff's Complaint and the prior court orders, this Court concludes that Plaintiff's § 1983 action is barred as a matter of law pursuant to the United State Supreme Court's decision in Heck v. Humphrey. See Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) ("[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas

2

corpus."); see also Wilkinson v. Dotson, 125 S. Ct. 1242, 1248, 161 L. Ed. 2d 253 (2005) (noting that under Heck "a prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence"). In this regard, the Court notes that Plaintiff in the present suit is seeking monetary damages related to his current imprisonment, based on his allegations that the Defendants' destruction of evidence impaired his ability to challenge his underlying conviction. Plaintiff also reasserts his claims (which have been previously raised and rejected) alleging that Defendants failed to disclose exculpatory evidence during his trial, and alleging that his trial counsel failed to present certain evidence and failed to provide effective assistance. To allow Plaintiff to recover damages for his imprisonment based on these allegations would necessarily imply the unlawfulness of his conviction. As such, Plaintiff's allegations are squarely within the scope of the Supreme Court's decision in Heck. Therefore, the Court adopts the Magistrate Judge's Recommendation.

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss [Document #7, #11] are GRANTED, and Plaintiff's action is DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED that Defendants' Motion to Strike [Document #20] is therefore DENIED AS MOOT.

To the extent that Plaintiff's claims may be construed as a habeas action, the Court ORDERS that those claims be DISMISSED because Plaintiff previously filed a habeas petition and failed to obtain the permission of the United States Court of Appeals for the Fourth Circuit allowing him to file a subsequent habeas petition. Finding no substantial issue for appeal

3

concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

A Judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order.

This, the 5th day of December, 2005.

_____
United States District Judge

4